UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SALGADO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DAVID LONG,<br><br>　　　　　Respondent. | No.  2:13-cv-2350-TLN-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has moved to dismiss the petition on the ground that petitioner's claim has not been exhausted.  *See* ECF No. 12 at 3 (stating that petitioner's state habeas petition remained pending in the California Supreme Court).  In response, petitioner states that his claim is now exhausted because the California Supreme Court denied his petition on January 24, 2014.  ECF No. 13 (referencing California Supreme Court Case No. S213661).  Respondent filed nothing in response.

　　　　A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1).  Exhaustion of state court remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the

/////

opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

A review of the California Supreme Court's docket shows that there is no pending petition filed on petitioner's behalf.[1] It also confirms petitioner's representation that his application for habeas relief in case number S213661 was denied in January 2014. As petitioner's claims are no longer pending before the California Supreme Court, respondent's motion to dismiss on this basis must be denied.[2]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's January 14, 2014 motion to dismiss (ECF No. 12) be denied.

2. Respondent be directed to file and serve an answer in response to petitioner's application within 60 days from the date of any order adopting these findings and recommendation. *See* Rule 4, Rules Governing § 2254 Cases. Any response should be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Rules Governing § 2254 Cases.

3. Petitioner be directed to file his reply, if any, within 30 days of service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file

/////
/////
/////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Judicial economy would have been better served had respondent moved to withdraw his motion to dismiss, or at the very least, filed a reply brief.

objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 4, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3